[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION IN LIMINE FOR AN ORDER BARRING THE USE OF THE WORDS "ESPECIALLY HEINOUS, CRUEL OR DEPRAVED"
The defendant, through his attorneys requests that the Court bar the presentations of the statutory words "especially heinous, cruel or depraved" to the jury in any way.
In support of his motion, the defendant presents that "(3) informing the jury of the unconstitutionally vague term serves no function under the State v. Breton, 212 Conn. 265 (1989), State v. Ross, 230 Conn. 183
(1994) and State v. Cobb, 251 Conn. 285 (1999), definition and will only confuse and prejudice the jury.
The defendant argues, that in the alternative, if the words especially heinous, cruel or depraved are stated, the definition presented inBreton, supra and Ross, supra be given immediately thereafter.
The wording of the statutory aggravating factor contained in General Statutes § 53a-46a(i)(4) is a term that the Supreme Court has not ruled to be eliminated, but instructed with their special meaning. StateCT Page 6481v. Ross, 230 Conn. 183, 262 (1994).
The defendant has requested in its Pre Voir Dire Request to Charge, the court to indicate to the prospective jurors, what the aggravating factor that the state has alleged. (Pre Voir Dire Request to Charge at p. 12.) To indicated to the jury the aggravating factor alleged without its legal definition could be confusing to the prospective juror.
The court will establish procedures for the use of the referred term, however, to bar any reference to the statutory aggravant alleged is not supported by existing law.
Accordingly, the defendant's motion is limine for an order barring the use of the words especially heinous, cruel or depraved is denied.
So ordered,
 ___________________, J. D'ADDABBO, J.